# EXHIBIT A

20CV05233
Div11

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
### CIVIL COURT DEPARTMENT

| | | |
|---|---|---|
| JEREMY STONE | ) | |
| | ) | |
| | ) | Case No. |
| Plaintiff | ) | |
| vs. | ) | Division: |
| | ) | |
| CONSOLIDATED COMMUNICATIONS | ) | |
| ENTERPRISE SERVICES, INC. | ) | |
| (d/b/a CONSOLIDATED COMMUNICATIONS) | ) | |
| | ) | |
| CONSOLIDATED COMMUNICATIONS OF | ) | |
| KANSAS COMPANY (d/b/a CONSOLIDATED | ) | |
| COMMUNICATIONS) | ) | |
| | ) | |
| And | ) | |
| | ) | |
| CONSOLIDATED HOLDINGS, INC. | ) | |
| (d/b/a CONSOLIDATED COMMUNICATIONS) | ) | |
| Defendant | ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, Jeremy Stone ("Plaintiff"), by and through undersigned

counsel of record, and hereby respectfully submits his *Complaint for Damages* against Defendants

herein. In support of this *Complaint*, Plaintiff states and alleges as follows:

### NATURE OF ACTION

1.      This action is brought pursuant to the Kansas Act Against Discrimination (KAAD)

K.S.A. §44-1009 *et seq.*, as well as Title VII of the Civil Rights Act of 1964, as amended, 42

U.S.C. Section 2000e, *et seq.* ("Title VII") and Title 1 of the Civil Rights Act of 1991, 42 U.S.C.

Section 1981A, to correct unlawful employment practices based on sex and retaliation against

Plaintiff. As discussed in more detail below, Plaintiff was subjected to unwelcome sexual

harassment and a sexually hostile work environment by a manager within Defendants' Companies.

-1-

In addition, Plaintiff was unlawfully retaliated against by Defendant for opposing employment practices made unlawful by Title VII and corresponding Kansas State law.

## JURISDICTION AND VENUE

2.      The Court has jurisdiction over this controversy pursuant to K.S.A. §44-1009 *et seq.* due to violations of State law.

3.      The Court has jurisdiction over Defendant because the unlawful employment practices alleged in this Complaint were committed with the State of Kansas, and the County of Johnson. In addition, Defendant has minimum contacts with the State of Kansas and the County of Johnson.

4.      Venue is proper in Johnson County District Court.

## PARTIES

5.      Plaintiff is a Caucasian male and at all relevant times has been a citizen of the United States, presently residing in Johnson County, Kansas.

6.      That Defendant, Consolidated Communications Enterprise Services, Inc., is a foreign for profit corporation, incorporated under the laws of the State of Delaware, registered to do business in Kansas, with a Registered Agent of Cogency Global, Inc., with a state registered address of 2101 SW 21st Street, Topeka, Kansas 66604.

7.      That Defendant, Consolidated Communications of Kansas Company, is a Kansas for profit corporation, incorporated under the laws of the State of Kansas, with a Registered Agent of Cogency Global, Inc., with a state registered address of 2101 SW 21st Street, Topeka, Kansas 66604.

*Clerk of the District Court, Johnson County Kansas*
*12/28/20  06:16pm NG*

8.      That Defendant, Consolidated Holdings, Inc., is a Kansas for profit corporation, incorporated under the laws of the State of Kansas, with a Registered Agent of Kevin Jantzen, with a state registered address of 2121 North Webb Rd., Wichita, Kansas 67206.

9.      That Defendants may be served with process through their respective Registered Agents.

10.     That Defendant maintains a nationally registered mailing address of 121 South 17th Street, Mattoon, Illinois 61938 for purposes of all filings with the United States Securities and Exchange Commission.

11.     That Defendant Consolidated holds itself out as a leading nationwide interest and telecommunications service provider.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

12.     That Plaintiff On or around April 6, 2020, Plaintiff filed a 'Complaint' against Defendant with the Kansas Human Rights Commission (KHRC) complaining of the unlawful employment practices alleged herein (attached hereto as Exhibit A and incorporated herein by reference).

13.     That pursuant to the Work Share Agreement between the KHRC and the Equal Employment Opportunity Commission (EEOC), a copy of Plaintiff's Complaint was also filed with the EEOC on or around this same date.

14.     That on or around September 30, 2020, the EEOC issued Plaintiff his Notice of Right to Sue (attached hereto as Exhibit B and incorporated herein by reference), authorizing Plaintiff to proceed with her claims against Defendant within 90 days thereafter.

15.     Plaintiff has satisfied all private, administrative, and judicial prerequisites prior to the institution of this action such that this action is timely and properly filed pursuant to K.S.A.

-3-

§44-1009 *et seq.*, as well as 42 U.S.C. §1981, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq.

## ALLEGATIONS AND FACTS COMMON TO ALL COUNTS

16.     At all times relevant hereto, Defendant acted by and through its employees and/or agents in the course and scope of their employment and/or agency.

17.     At all times relevant hereto, Plaintiff was employed by Defendant at Defendant's place of business located in Johnson County, Kansas.

18.     Plaintiff was employed by Defendant from approximately June 11, 2012 until January 3, 2020 , at which time Plaintiff was unlawfully terminated.

## COUNT I
## SEXUAL HARASSMENT, DISPARATE TREATMENT & SEXUALLY HOSTILE WORK ENVIRONMENT IN VIOLATION OF THE KANSAS ACT AGAINST DISCRIMINATION (KAAD)

19.     Plaintiff restates and incorporates by reference paragraphs 1 through 18 of this Complaint as though fully set for the herein.

20.     Plaintiff is a male and is an "individual" and "employee" pursuant to the KAAD.

21.     Defendant is a "person" and an "employer" as defined by the KAAD.

22.     Plaintiff satisfactorily performed his job duties with Defendant during his employment.

23.     The acts of sex discrimination and sexual harassment described herein were done on account of the Plaintiff's sex.

24.     During the course of Plaintiff's employment with Defendant, Defendant has engaged in unlawful employment practices in violation of the KAAD. The unlawful practices include, but are not limited to, subjecting Plaintiff to sexual harassment and hostile working

*Clerk of the District Court, Johnson County Kansas*
*12/28/20  06:16pm NG*

conditions by way of Plaintiff being exposed to sexual harassment directed at another female employee by Plaintiff's direct supervisor.

25.     The sexual harassment in the workplace included, but was not necessarily limited to, graphic sexual comments, sexual overtures, and other sexual behavior by Plaintiff's direct supervisor directed at a female co-worker with whom Plaintiff worked.

26.     At the time the sexual harassment occurred, and as a result of that conduct, Plaintiff believed his work environment to be hostile and abusive.

27.     The sexual harassment was sufficiently severe or pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile or abusive.

28.     The sexual harassment perpetrated adversely affected the terms, conditions and/or privileges of Plaintiff's employment with Defendant and unreasonably interfered with his ability to perform his job duties, and Defendant allowed its workplace to become permeated with sexual discrimination and harassment.

29.     The sexual harassment was unwelcome to Plaintiff and Plaintiff's co-worker, and Plaintiff objected to that conduct. Nonetheless, the offensive conduct continued.

30.     Plaintiff complained to Defendant's management about sexual harassment in the workplace. Defendant failed to take prompt and appropriate corrective action in response to these complaints.

31.     Defendants failed to exercise reasonable care to prevent and promptly correct the sexual harassment to which Plaintiff was subjected.

32.     As shown by the foregoing, Plaintiff suffered sexual harassment and was subjected to a hostile work environment at the hands Defendant during the course of his employment in violation of the KAAD, as amended.

33.　As a direct and proximate result of Defendants' actions and/or inactions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

34.　Defendant failed to make good faith efforts to establish and enforce policies to prevent unlawful sexual harassment and discrimination against its employees.

35.　Defendant failed to properly train or otherwise inform its supervisors and employees concerning their duties and obligations under existing civil rights laws, including the KAAD.

36.　Defendant's managers and/or agents responsible for setting and enforcing policies in the area of discrimination and sexual harassment knew or should have known of the sexual harassment and discrimination to which Plaintiff ad his co-worker were subjected, yet failed to remedy the harassment and discrimination. Instead, Plaintiff was unlawfully terminated and forced to leave his employment with Defendant.

37.　By failing to take prompt and effective remedial action, and constructively discharging Plaintiff, Defendant, in effect, condoned, ratified and/or authorized the harassment of, and discrimination against, Plaintiff.

38.　As illustrated by the foregoing, Defendant engaged in these discriminatory practices with malice or with reckless indifference to the federally protected rights of Plaintiff. Plaintiff is therefore entitled to an award of punitive damages in an amount sufficient to punish Defendant or to deter Defendant and other companies from similar conduct in the future.

39.　Plaintiff is entitled to recover from defendant reasonable attorneys' fees, as provided for in the KAAD.

[Remainder of Page Intentionally Left Blank]

-6-

*Clerk of the District Court, Johnson County Kansas*
*12/28/20  06:16pm NG*

## COUNT II
## UNLAWFUL RETALIATION IN VIOLATION OF KANSAS ACT AGAINST DISCRIMINATION (KAAD)

40.    Plaintiff restates and incorporates by reference paragraphs 1 through 39 of this Complaint as though fully set for the herein.

41.    At the time Plaintiff opposed the sexually harassing conduct and hostile working conditions, and complained to Defendant about such conduct, Plaintiff was satisfactorily performing all job duties.

42.    After Plaintiff opposed the sexually harassing conduct and hostile working conditions, and complained to Defendant about such conduct, Defendant retaliated against Plaintiff for exercising his statutorily protected rights by adversely affecting the terms and conditions of his employment. Such actions included, but were not limited to, Defendant unlawfully terminating Plaintiff's employment.

43.    Plaintiff's opposition to discriminatory conduct and complaint to Defendant about such conduct was a motivating factor in Defendant's decision adversely modify the terms and conditions of her employment. Defendant therefore violated the KAAD.

44.    As a direct and proximate result of Defendant's conduct, Plaintiff was unlawfully terminated, and Plaintiff therefore suffered the damages previously set forth above.

45.    As illustrated above, Defendant failed to make good faith efforts to establish and enforce policies to prevent sexual harassment and discrimination against it employees, including retaliation for making complaints and opposing sexual harassment and discrimination.

46.    As illustrated by the foregoing, Defendant engaged in these discriminatory and sexually harassing practices with malice or with reckless indifference to the statutorily protected rights of Plaintiff.

*Clerk of the District Court, Johnson County Kansas*
*12/28/20  06:16pm NG*

47.     Plaintiff is entitled to recover from Defendant reasonable attorneys' fees.

## COUNT III
## UNLAWFUL SEXUAL HARASSMENT, DISPARATE TREATMENT & SEXUALLY HOSTILE WORK ENVIRONMENT IN VIOLATION OF 42 U.S.C. SECTION 2000e, TITLE VII

48.     Plaintiff restates and incorporates by reference paragraphs 1 through 47 of this Complaint as though fully set for the herein.

49.     Plaintiff is a man and is an "individual" and "employee" under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 2000e et seq.

50.     The Defendant is a "person" and an "employer" of the Plaintiff under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 2000e et seq.

51.     During the course of Plaintiff's employment with Defendant, Defendant has engaged in unlawful employment practices in violation of §703(a) of Title VII, as amended, 42 U.S.C. §2000e-2(a). The unlawful practices include, but are not limited to, discrimination against Plaintiff on the basis of her sex in the form of subjecting Plaintiff to sexual harassment and hostile working conditions. Then, later, unlawfully retaliating against Plaintiff for his reports of such unlawful behavior within the workplace.

52.     As shown by the above and foregoing, Plaintiff suffered from sexual harassment and a sexually hostile work environment at the hands Defendant during the course of his employment in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a).

53.     Plaintiff is therefore entitled to damages under Title VII, and corresponding federal law.

54.     Plaintiff is furthermore entitled to recover from defendant reasonable attorneys' fees, as provided in Section 706(k) of Title VII, 42 U.S.C. §2000e-5(k).

-8-

**WHEREFORE**, Plaintiff respectfully prays that this Court enter judgment against Defendant for such damages, actual and nominal, as are fair and reasonable under the circumstances; order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities which eradicate the effects of its past and present unlawful employment patterns and practices; award Plaintiff his reasonable attorneys' fees and costs incurred herein; award Plaintiff interest on all damages as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

## DAMAGES

That on information and belief, as a direct result of Defendants above stated actions, Plaintiff has been damaged financially in amount not to exceed $70,000.00.

## REQUEST FOR JURY TRIAL

Should this matter have to be tried before the Court, Plaintiff respectfully request trial by jury in Johnson County District Court.

Respectfully submitted by,

BARNDS LAW, LLC

/s/ Christopher C. Barnds
Christopher C. Barnds        KS #25598
Barnds Law, LLC
8700 Monrovia, Suite 310
Lenexa, KS 66215
Phone: (913) 514-0909
Email: chris@barndslaw.com
*Attorney for Plaintiff*

## VERIFICATION

STATE OF KANSAS     )
                             ) ss:
COUNTY OF JOHNSON     )

    **JEREMY STONE**, being first duly sworn, states that he is the Plaintiff in the above-captioned action, that has read the above and forgoing *Complaint for Damages*, and that the statements and allegations provided therein are true and correct to the best of his knowledge and belief.

_____
Jeremy Stone

    SUBSCRIBED AND SWORN to before me this ___28th___ day of ___December___
_____, 2020.

_____
Notary Public

My appointment expires:

_____

> MICHELLE A WILES
> Notary Public - State of Kansas
> My Appointment Expires 11/12/24

-10-

*Clerk of the District Court, Johnson County Kansas*
*12/28/20  06:16pm NG*



EXHIBIT

A

# STATE OF KANSAS
# KANSAS HUMAN RIGHTS COMMISSION

KHRC Docket No. 28D-2020-00547

EEOC Dual-Filed Charge No.* 28D-2020-00547
*(Only for first filed KHRC, second filed EEOC complaints)

On the complaint of

Jeremy K. Stone

                       Complainant,

       vs.

                       Respondent,

Consolidated Communication Inc. and Its Representatives

I, Jeremy K. Stone, residing at 5141 Payne St., Shawnee, KS  66226

charge Consolidated Communication Inc. and Its Representatives, whose address is 121 S. 17th St., Mattoon, IL  61938

With an unlawful practice within the meaning of:

[X] The Kansas Act Against Discrimination (Chapter 44, Art. 10, K.S.A.) and specifically within the meaning of subsection (a)(4) of Section 44-1009 of said Act, because of my:

( ) RACE              ( ) SEX               (X) RETALIATION
( ) RELIGION       ( ) NATIONAL ORIGIN    ( ) GENETIC INFORMATION
( ) COLOR          ( ) ANCESTRY          ( ) FAMILIAL STATUS
( ) DISABILITY, RECORD OF, AND/OR REGARDED AS DISABLED

[] The Kansas Age Discrimination in Employment Act (Chapter 44, Art. 11, K.S.A.) and specifically within the meaning of subsection of Section 44-1113 of said Act, because of my:
( ) AGE         ( ) RETALIATION

Alleged Date of Incident, on or about September 15,2019 to December 5, 2019.

The aforesaid charges are based on the following facts:

I.      I have openly opposed act and practices forbidden by the Kansas Act Against Discrimination.

II.     I was employed by the Respondent from June 11, 2012, to January 3, 2020. I last held the position of Help Desk Supervisor in IT Technical Services.

*Clerk of the District Court, Johnson County Kansas*
*12/28/20  06:16pm NG*

# STATE OF KANSAS
# KANSAS HUMAN RIGHTS COMMISSION

(continued)

KHRC Docket No. 28D-2020-00547

EEOC Dual-Filed Charge No.* 28D-2020-00547
*(Only for first filed KHRC, second filed EEOC complaints)

A.    On June 12, 2019, the Vice President admitted to me that he was sexually harassing an employee. I told him I was aware of the harassment he was doing, and it made the co-worker uncomfortable. Subsequently, on September 15, 2019, I was subjected to disparate treatment compared to similarly situated employees, in that I was not invited to attend a meeting in Manchester, New Hampshire, and I was unable to have a one on one meeting with the Vice President.

B.    On December 5, 2019, I was notified by conference call by the Respondent that my position was being eliminated, and my last day was January 3, 2020.

III.    I hereby charge Consolidated Communications Inc. and its Representatives with a violation of the Kansas Act Against Discrimination, in that I was subjected to disparate terms, conditions and privileges of employment and terminated as acts of retaliation for having openly opposed acts and practices forbidden by the Kansas Act Against Discrimination.

I have not commenced any action, civil or criminal, based upon the grievance set forth above, except

*I declare under penalty of perjury that the foregoing is true and correct; and if this document is executed outside the state of Kansas, I declare under penalty of perjury under the laws of the state of Kansas that the foregoing is true and correct.*

Executed on ___4-6-20___          X _____
                *(Date)*                    *(Signature of Complainant)*

FILED

MAY 26 2020

*Clerk of the District Court, Johnson County Kansas*
*12/28/20  06:16pm NG*



EXHIBIT

B

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: Jeremy K. Stone<br>5141 Payne St.<br>Shawnee, KS 66226 | From: Kansas City Area Office<br>Gateway Tower II<br>400 State Avenue, Suite 905<br>Kansas City, KS 66101 |
|---|---|

| ☐ | On behalf of person(s) aggrieved whose identity is<br>*CONFIDENTIAL (29 CFR §1601.7(a))* | |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 28D-2020-00547 | Stephanie A. Williams,<br>Investigator | (913) 340-8832 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒  The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☐  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐  Other (*briefly state*)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

| Alfred C. Kirk Jr. | On behalf of the Commission | September 30, 2020 |
|---|---|---|

Digitally signed by Alfred C. Kirk Jr.
DN: cn=Alfred C. Kirk Jr., o=EEOC Kansas City Area
Office, ou=Supervisory Investigator (Enforcement
Supervisor), email=Alfred.kirk@eeoc.gov, c=US
Date: 2020.09.30 04:39:04 -05'00'

*(Date Mailed)*

| Enclosures(s) | For: | Natascha Deguire,<br>Area Office Director | |
|---|---|---|---|

cc:
| Donna Butler<br>Assistant General Counsel<br>CONSOLIDATED COMMUNICATIONS<br>770 Elm St.<br>Manchester, NH 03101 | Christopher Barnds<br>BARNDS LAW LLC<br>8700 Monrovia Suite 310<br>Lenexa, KS 66215 |
|---|---|

*Clerk of the District Court, Johnson County Kansas*
*12/28/20  06:16pm NG*

Enclosure with EEOC
Form 161 (11/16)

## INFORMATION RELATED TO FILING SUIT
### UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law.</u>*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS**   --   **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge <u>within 90 days</u> of the date you *receive* this Notice.  Therefore, you should **keep a record of this date.**  Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it.  Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed within 90 days of the date this Notice was *mailed* to you (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief.  Courts often require that a copy of your charge must be attached to the complaint you file in court.  If so, you should remove your birth date from the charge.  Some courts will not accept your complaint where the charge includes a date of birth.  Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office.  If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

## PRIVATE SUIT RIGHTS   --   Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than <u>2 years (3 years)</u> before you file suit** may not be collectible.  For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.  Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

## ATTORNEY REPRESENTATION   --   Title VII, the ADA or GINA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

## ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice.**  (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

*Clerk of the District Court, Johnson County Kansas*
*12/28/20  06:16pm NG*

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL COURT DEPARTMENT


JEREMY STONE

                Plaintiff                    Case No: 20CV05233

       vs                                  Division:   11

                                        K.S.A. Chapter 60

CONSOLIDATED COMMUNICATIONS ENTERPRISE SERVICES INC
              Defendant


REQUEST AND SERVICE INSTRUCTION FORM


To:  Clerk of the District Court:


Please issue a SUMMONS and PETITION in this action for CONSOLIDATED COMMUNICATIONS
ENTERPRISE SERVICES INC whose address for service is:

      2101 SW 21ST ST.
      TOPEKA, KS 66604


Certified mail service by the undersigned attorney, who understands that it is their responsibility to
obtain service and to make the return to the clerk.  The postal receipt for service must be filed with the
Clerk's office to prove service.


REGISTERED AGENT: COGENCY GLOBAL INC.
ADDRESS IS FOR REGISTERED AGENT.


                                By: /s/ CHRISTOPHER CAMPBELL BARNDS
                                CHRISTOPHER CAMPBELL BARNDS, #25598
                                10985 CODY STREET, SUITE 130
                                OVERLAND PARK, KS 66210
                                913-514-0909

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL COURT DEPARTMENT


JEREMY STONE

                Plaintiff                          Case No: 20CV05233

        vs                                       Division:   11

                                               K.S.A. Chapter 60

CONSOLIDATED COMMUNICATIONS ENTERPRISE SERVICES INC
                Defendant


REQUEST AND SERVICE INSTRUCTION FORM


To:  Clerk of the District Court:


Please issue a SUMMONS and PETITION in this action for CONSOLIDATED HOLDINGS INC
whose address for service is:

      2121 NORTH WEBB RD
      WICHITA, KS 67206


Certified mail service by the undersigned attorney, who understands that it is their responsibility to
obtain service and to make the return to the clerk.  The postal receipt for service must be filed with the
Clerk's office to prove service.


REGISTERED AGENT: KEVIN JANTZEN
ADDRESS IS FOR REGISTERED AGENT.


                                    By: /s/ CHRISTOPHER CAMPBELL BARNDS
                                    CHRISTOPHER CAMPBELL BARNDS, #25598
                                    10985 CODY STREET, SUITE 130
                                    OVERLAND PARK, KS 66210
                                    913-514-0909

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL COURT DEPARTMENT


JEREMY STONE
                        Plaintiff                    Case No: 20CV05233
            vs                                       Division:   11
                                                     K.S.A. Chapter 60
CONSOLIDATED COMMUNICATIONS ENTERPRISE SERVICES INC
                        Defendant


REQUEST AND SERVICE INSTRUCTION FORM


To:  Clerk of the District Court:


Please issue a SUMMONS and PETITION in this action for CONSOLIDATED COMMUNICATIONS
OF KANSAS COMPANY whose address for service is:

        2101 SW 21ST ST.
        TOPEKA, KS 66604


Certified mail service by the undersigned attorney, who understands that it is their responsibility to
obtain service and to make the return to the clerk.  The postal receipt for service must be filed with the
Clerk's office to prove service.


REGISTERED AGENT: COGENCY GLOBAL INC.
ADDRESS IS FOR REGISTERED AGENT.


                        By: /s/ CHRISTOPHER CAMPBELL BARNDS
                        CHRISTOPHER CAMPBELL BARNDS, #25598
                        10985 CODY STREET, SUITE 130
                        OVERLAND PARK, KS 66210
                        913-514-0909

20CV05233
Div11

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
### CIVIL COURT DEPARTMENT

| | | |
|---|---|---|
| JEREMY STONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 20CV05233 |
| v. | ) | |
| | ) | Div. 11 |
| CONSOLIDATED COMMUNICATIONS | ) | |
| ENTERPRISE SERVICES, INC. d/b/a | ) | |
| CONSOLIDATED COMMUNICATIONS, | ) | |
| CONSOLIDATED COMMUNICATIONS | ) | |
| OF KANSAS COMPANY d/b/a | ) | |
| CONSOLIDATED COMMUNICATIONS, | ) | |
| and CONSOLIDATED HOLDINGS, INC. | ) | |
| d/b/a CONSOLIDATED | ) | |
| COMMUNICATIONS, | ) | |
| | ) | |
| Defendants. | ) | |

### MOTION FOR CLERK'S EXTENSION OF TIME

Pursuant to Kansas Supreme Court Rule 113, Defendants Consolidated Communications Enterprise Services, Inc. and Consolidated Communications of Kansas Company (collectively "Defendants"), respectfully request a 14-day clerk's extension, up to and including February 12, 2021, to answer or otherwise respond to the Complaint ("Complaint") filed by Jeremy Stone ("Plaintiff") in the above-captioned matter.  Defendants were served with a summons and the Complaint on January 8, 2021.  Pursuant to KSA 60-212(a)(1)(A), assuming service was properly accomplished on that date, Defendants' current deadline to answer or otherwise respond to the Complaint is January 29, 2021.  Thus, the original deadline for Defendants to answer or otherwise respond to the Complaint has not yet passed.  This is the first requested extension to this deadline. Pursuant to Rule 113, Defendants are submitting to the clerk and serving on opposing counsel a proposed order granting this request for extension.

DATED:  January 21, 2021           Respectfully submitted,

JACKSON LEWIS P.C.

*/s/ Lindsey L. Poling*
Lindsey L. Poling, KS Bar #23315
7101 College Blvd, Suite 1200
Overland Park, KS 66210
Telephone: (913) 981-1018
Facsimile: (913) 981-1019
Lindsey.Poling@jacksonlewis.com

ATTORNEY FOR DEFENDANTS
CONSOLIDATED COMMUNICATIONS
ENTERPRISE SERVICES, INC. AND
CONSOLIDATED COMMUNICATIONS OF
KANSAS COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of January 2021, a true and accurate copy of the above and foregoing was filed electronically via the court's electronic filing system with a copy sent via electronic mail in PDF format to the following counsel of record:

Christopher C. Barnds
BARNDS LAW, LLC
8700 Monrovia, Suite 310
Lenexa, KS 66215
chris@barndslaw.com

ATTORNEY FOR PLAINTIFF

*/s/ Lindsey L. Poling*
AN ATTORNEY FOR DEFENDANTS

20CV05233
Div11

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
## CIVIL COURT DEPARTMENT

JEREMY STONE,                          )
                                       )
                    Plaintiff,         )
                                       )     Case No. 20CV05233
v.                                     )
                                       )     Div. 11
CONSOLIDATED COMMUNICATIONS  )
ENTERPRISE SERVICES, INC. d/b/a        )
CONSOLIDATED COMMUNICATIONS, )
CONSOLIDATED COMMUNICATIONS  )
OF KANSAS COMPANY d/b/a                )
CONSOLIDATED COMMUNICATIONS, )
and CONSOLIDATED HOLDINGS, INC. )
d/b/a CONSOLIDATED                     )
COMMUNICATIONS,                        )
                                       )
                    Defendants.        )

### CLERK'S EXTENSION OF TIME

Defendants Consolidated Communications Enterprise Services, Inc. and Consolidated

Communications of Kansas Company (collectively "Defendants") are hereby granted a 14-day

extension to answer or otherwise respond to the Complaint.  The time originally prescribed for

Defendants to answer or otherwise respond to the Complaint has not expired.  The original deadline

was January 29, 2021 and that deadline is extended to February 12, 2021.

BY ORDER OF THE CLERK, as authorized by Kansas Supreme Court Rule 113.  This

order is effective as of the date and time shown on the electronic file stamp.

/s/ SARAH TOYNBEE
Dated: 01/22/21
_____
CLERK OF THE DISTRICT COURT

20CV05233
Div11

### IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
### CIVIL COURT DEPARTMENT

| | | |
|---|---|---|
| JEREMY STONE | ) | |
| | ) | |
| Plaintiff | ) | Case No. 20CV05233 |
| | ) | |
| vs. | ) | Division: 11 |
| | ) | |
| CONSOLIDATED COMMUNICATIONS | ) | Chapter 60 |
| ENTERPRISE SERVICES, INC. | ) | |
| (d/b/a CONSOLIDATED COMMUNICATIONS) | ) | |
| | ) | |
| CONSOLIDATED COMMUNICATIONS OF | ) | |
| KANSAS COMPANY (d/b/a CONSOLIDATED | ) | |
| COMMUNICATIONS) | ) | |
| | ) | |
| And | ) | |
| | ) | |
| CONSOLIDATED HOLDINGS, INC. | ) | |
| (d/b/a CONSOLIDATED COMMUNICATIONS) | ) | |
| | ) | |
| Defendant | ) | |

## **PROOF OF SERVICE**

Comes now Plaintiff and through his counsel hereby certifies that counsel for Plaintiff

has sent via Certified Mail Return Receipt Requested pursuant to K.S.A. 59-2136(f) to

Defendant, Consolidated Communications Enterprise Services, the Complaint at the address

as listed on the Return Receipt, as attached herein.

Respectfully submitted,

BARNDS LAW, LLC

/s/ Christopher C. Barnds
Christopher C. Barnds          KS #25598
10985 Cody St., Suite 130
Overland Park, KS 66210
(913) 514-90909500; Fax (913) 400-3553
E-mail: chris@barndslaw.com
Paralegal: paralegal@barndslaw.com
*Attorney for Plaintiff*



20CV05233
Div11

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
## CIVIL COURT DEPARTMENT

| | | |
|---|---|---|
| JEREMY STONE | ) | |
| | ) | |
| Plaintiff | ) | Case No. 20CV05233 |
| | ) | |
| vs. | ) | Division: 11 |
| | ) | |
| CONSOLIDATED COMMUNICATIONS | ) | Chapter 60 |
| ENTERPRISE SERVICES, INC. | ) | |
| (d/b/a CONSOLIDATED COMMUNICATIONS) | ) | |
| | ) | |
| CONSOLIDATED COMMUNICATIONS OF | ) | |
| KANSAS COMPANY (d/b/a CONSOLIDATED | ) | |
| COMMUNICATIONS) | ) | |
| | ) | |
| And | ) | |
| | ) | |
| CONSOLIDATED HOLDINGS, INC. | ) | |
| (d/b/a CONSOLIDATED COMMUNICATIONS) | ) | |
| | ) | |
| Defendant | ) | |

## PROOF OF SERVICE

Comes now Plaintiff and through his counsel hereby certifies that counsel for Plaintiff

has sent via Certified Mail Return Receipt Requested pursuant to K.S.A. 59-2136(f) to

Defendant, Consolidated Communications of Kansas Company, the Complaint at the address

as listed on the Return Receipt, as attached herein.

*Clerk of the District Court, Johnson County Kansas*
*01/25/21  03:23pm ST*

Respectfully submitted,

BARNDS LAW, LLC

/s/ Christopher C. Barnds
Christopher C. Barnds          KS #25598
10985 Cody St., Suite 130
Overland Park, KS 66210
(913) 514-90909500; Fax (913) 400-3553
E-mail: chris@barndslaw.com
Paralegal: paralegal@barndslaw.com
*Attorney for Plaintiff*

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CONSOLIDATED COMMUNICATIONS
OF KANSAS COMPANY
ATTN: COGENCY GLOBAL INC.

2101 SW 21st St.

Topeka, KS  66604

9590 9402 5861 0038 5068 08

2. Article Number (Transfer from service label)

7020 2450 0001 3115 8685

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X   JAB   ☐ Agent
          ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
   K 21 C 19                    1/21

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

*Clerk of the District Court, Johnson County Kansas*
*01/25/21  03:23pm ST*

20CV05233
Div11

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
## CIVIL COURT DEPARTMENT

| | | |
|---|---|---|
| JEREMY STONE | ) | |
| | ) | |
| Plaintiff | ) | Case No. 20CV05233 |
| | ) | |
| vs. | ) | Division: 11 |
| | ) | |
| CONSOLIDATED COMMUNICATIONS | ) | Chapter 60 |
| ENTERPRISE SERVICES, INC. | ) | |
| (d/b/a CONSOLIDATED COMMUNICATIONS) | ) | |
| | ) | |
| CONSOLIDATED COMMUNICATIONS OF | ) | |
| KANSAS COMPANY (d/b/a CONSOLIDATED | ) | |
| COMMUNICATIONS) | ) | |
| | ) | |
| And | ) | |
| | ) | |
| CONSOLIDATED HOLDINGS, INC. | ) | |
| (d/b/a CONSOLIDATED COMMUNICATIONS) | ) | |
| | ) | |
| Defendant | ) | |

### PROOF OF SERVICE

Comes now Plaintiff and through his counsel hereby certifies that counsel for Plaintiff

has sent via Certified Mail Return Receipt Requested pursuant to K.S.A. 59-2136(f) to

Defendant, Consolidated Holdings, Inc., the Complaint at the address as listed on the Return

Receipt, as attached herein.

Respectfully submitted,

BARNDS LAW, LLC

/s/ Christopher C. Barnds
Christopher C. Barnds        KS #25598
10985 Cody St., Suite 130
Overland Park, KS 66210
(913) 514-90909500; Fax (913) 400-3553
E-mail: chris@barndslaw.com
Paralegal: paralegal@barndslaw.com
*Attorney for Plaintiff*



**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse
   so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
   or on the front if space permits.

1. Article Addressed to:

CONSOLIDATED HOLDINGS, INC.
ATTN: Kevin Jantzen, Registered Agent
2121 North Webb Rd
Wichita, KS 67206

9590 9402 5861 0038 5068 15

2. Article Number (Transfer from service label)
7020 2450 0001 3115 8678

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent
                    ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
                                  11/12

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   ($500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

*Clerk of the District Court, Johnson County Kansas*
*01/25/21  03:23pm ST*